**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4216**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHEN BOWE HYDE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:16-cr-00251-WO-1)

Submitted: December 19, 2017                    Decided: December 21, 2017

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Eric Lloyd Iverson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Bowe Hyde pled guilty to receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (2012), and the district court sentenced him to 108 months' incarceration. Hyde's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), thoroughly recounting the history of the case, but concluding that there are no meritorious grounds for appeal. Although informed of his right to do so, Hyde has not filed a supplemental brief. We affirm.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that he comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary and is supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Hyde did not move to withdraw his guilty plea; thus, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014). We conclude that the district court substantially complied with Rule 11 and that any minor omissions in the Rule 11 colloquy did not affect Hyde's substantial rights. *See United States v. Davila*, 133 S. Ct. 2139, 2147 (2013). We therefore find Hyde's guilty plea was valid.

We review Hyde's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). In determining procedural reasonableness, we consider whether the district

2

court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. In this case, the district court properly calculated Hyde's advisory Guidelines range, allowed Hyde to allocute and both parties to present argument, and sufficiently explained Hyde's sentence in consideration of the § 3553(a) factors. We therefore conclude that Hyde's sentence is procedurally reasonable.

If a sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). We conclude that no evidence in the record rebuts the presumption of reasonableness accorded Hyde's within-Guidelines-range sentence. *See id.*

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Hyde, in writing, of the right to petition the Supreme Court of the United States for further review. If Hyde requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hyde. We dispense with oral argument because the facts

3

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*